IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 09-cv-01978-ZLW

CAROL S. JACOBSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

Plaintiff appeals the February 4, 2009 written decision of Administrative Law Judge Michael G. Heitz (ALJ) granting Plaintiff's claims for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The Appeals Council declined jurisdiction on June 22, 2009 (R. 8-11). This appeal was timely filed.

This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). The Court has determined that the appeal can be resolved on the parties' briefing and that no oral argument is necessary.

**I.    BACKGROUND**

    **A.    Alleged Disability and Filing of Claims**

Plaintiff filed a DIB application on October 9, 2003, alleging a disability onset date of January 2, 2001. (R. 47-49). Plaintiff filed a SSI application on April 28, 2006,

alleging an onset date of July 14, 2005. (R. 456-58). Plaintiff alleges the combination of the following conditions render her disabled: cirrhosis, depressions, dyslexia, and personality disorder with avoidant and self-defeating traits. (R. 19).

Plaintiff's date last insured is September 30, 2011. (R. 19). <u>Thus to receive benefits, Plaintiff must show she was disabled as of her disability onset date and the impairment(s) lasted twelve months or was expected to last twelve months.</u>[1]

Plaintiff's initial DIB application was denied on December 16, 2003. (R. 48-51). Plaintiff timely filed a request for his case to be heard by an ALJ. (R. 52). A heading was held before the ALJ on June 8, 2005. (R. 98-133). The ALJ issued a decision on July 13, 2005, that Plaintiff was not disabled. (R. 37-43). The Appeals Council denied review on April 24, 2006. (R. 134-36).

Plaintiff appealed the ALJ's decision to the United States District Count for the District of Colorado. On January 24, 2008, Senior District Judge Richard P. Matsch reversed the ALJ's decision and remanded the case. (R. 23-25). In the interim, Plaintiff's SSI application was denied. (R. 449-55). The Appeals Council consolidated the SSI application with the DIB application on remand. (R. 139-40).

---

[1] 42 U.S.C. § 416(i)(1); 20 C.F.R. § 404.1505(a).

B.     **The Administrative Hearing (R. 557-606)**

The administrative hearing was held in Denver, Colorado on January 30, 2009. Plaintiff was represented by Virginia Card-Smith, an attorney, at the hearing. The following individuals testified: Plaintiff and James Hardway, a vocational expert.

At the beginning of the hearing the ALJ informed Plaintiff that he was prepared to issue a finding that she was disabled as of July 31, 2008, but that he had serious concerns over her "significant work activity" prior to that date.[2] After an off-record discussion with her attorney, Plaintiff indicated that she did not want to alter the disability date.

At the conclusion of testimony, the ALJ informed Plaintiff that the evidence presented at the hearing did not alleviate his concerns that Plaintiff's work activity prior to July 2008 was too extensive to be found disabled under the rules. Plaintiff again had an off-record discussion with her attorney, after which she decided to amend her onset date to July 31, 2008. The hearing concluded with the ALJ announcing that he would enter a finding of disability as of that modified onset date.

C.     **The ALJ's Decision (R. 17-21)**

The ALJ determined Plaintiff was disabled as defined by the Social Security Act as of July 31, 2008, and granted Plaintiff's applications for DIB and SSI. (R. 21).

---

[2] A claimant will be found not disabled if they engage in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4).

Case 1:09-cv-01978-ZLW Document 32 Filed 11/10/10 USDC Colorado Page 4 of 8

## II. ANALYSIS

### A. Standard of Review

When a district court reviews the Commissioner's decision to deny Social Security benefits the <u>Court's only job is to determine whether the Commissioner's factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied</u>.[3] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[4] Since review is based on the record as a whole, the entire record must be examined to determine whether the evidence supporting the decision is substantial, taking "into account whatever in the record fairly detracts from its weight."[5] However, <u>the Court may neither reweigh the evidence nor substitute its discretion for that of the ALJ</u>.[6]

### B. Plaintiff's Arguments

The issue in this case is whether the amendment of the disability onset date by the ALJ to July 31, 2008 is supported by substantial evidence.

---

[3] <u>Doyal v. Barnhart</u>, 331 F.3d 758, 760 (10th Cir. 2003).

[4] <u>Id.</u>

[5] <u>Hamlin v. Barnhart</u>, 365 F.3d 1208, 1214 (10th Cir. 2004) (<u>quoting</u> <u>Washington v. Shalala</u>, 37 F.3d 1437, 1439 (10th Cir. 1994)).

[6] <u>White v. Massanari</u>, 271 F.3d 1256, 1257 (10th Cir. 2001).

As described more fully above, the ALJ informed Plaintiff at the administrative hearing of his concerns that Plaintiff's work history before July 31, 2008, appeared to be too extensive to qualify her for a finding of disability. Although Plaintiff initially declined the opportunity to amend her onset date, she later changed her mind. Plaintiff now argues that this amendment should be disregarded because the ALJ "should have been aware of the fact that [Plaintiff] had cognitive deficits" and "would not fully understand the implications" of amending her onset date.[7]

For disabilities of a nontraumatic origin, "the starting point in determining the date of onset of disability is the individual's statement as to when disability began."[8] Accordingly, amendment of the onset date is "a voluntary and knowing waiver of [the] right to claim benefits for any alleged disability prior to that date."[9]

Judge Blackburn recently handled a case in this District with similar facts. In Del Toro v. Astrue, the plaintiff originally claimed a disability onset date on March 2005.[10] However, earnings records showed the plaintiff reported a substantial amount of self-employment income in 2006.[11] The ALJ voiced his concerns over this discrepancy to the plaintiff's attorney before the administrative hearing, and noted that the hearing

---

[7] Brief at 20.

[8] Social Security Ruling 83-20. "A change in the alleged onset date may be provided in . . . the claimant's testimony at a hearing." Id.

[9] Rivers v. Astrue, 2009 WL 1160259 at *6 (N.D. Ill. Apr. 29, 2009); see also Del Toro v. Astrue, 2010 WL 749870 at *4 (D. Colo. Mar. 3, 2010) (Blackburn, J.).

[10] Del Toro, 2010 WL 749870 at *3.

[11] Id.

would likely need to be postponed to address this discrepancy.[12]  The plaintiff maintained that the 2006 income was attributable to his wife but agreed to amended the onset date to January 2007 in order to expedite the hearing.[13]  Judge Blackburn wrote:

> I find plaintiff's amendment to be conclusive because he specifically affirmed to the ALJ at the hearing that he had been afforded adequate time to discuss the matter with his attorney and was amending of his "own free will and volition."  There is nothing in the evidence to suggest that the ALJ improperly coerced or influenced plaintiff to amend his onset date . . . .  It would undermine substantially the administrative process to permit a claimant to Monday-morning quarterback such decision when they do not pan out as hoped, especially when an ALJ has been assured that the decision to amend was fully informed and voluntary.[14]

The Court finds Judge Blackburn's reasoning to be clear, well-reasoned, and applicable to the present case.  As in Del Toro, the ALJ here approached Plaintiff and her counsel with concerns as to evidence in the record which indicated substantial gainful activity subsequent to the alleged onset date.  The ALJ proactively explained the potential ramifications of this evidence, and provided Plaintiff with multiple opportunities during the administrative hearing to discuss the issue with her counsel.[15]  The ALJ's selection of the onset date is reasonable and appropriate given the evidence and

---

[12] Id.

[13] Id.  Unlike the present case, the ALJ subsequently denied all benefits to the plaintiff, partly by using the employment income discrepancy to discredit the plaintiff's treating physician and to undermine plaintiff's credibility.  Id.  There is no issue regarding medical records or credibility in the present case since the ALJ issued a fully favorable decision to the Plaintiff.

[14] Id..

[15] The Court notes that the parties went off the record twice during the administrative hearing to discuss this issue. (R. 564, 604).

testimony in the case.  Most important, when counsel informed the ALJ of Plaintiff's decision to amend the onset date, it was without reservation or conditions and there was no mention of concerns regarding mental capacity from either Plaintiff or counsel.[16]  Given the refusal to amend at the beginning of the hearing, this change of position indicates that Plaintiff competently processed the hearing testimony and made an informed decision that the amended date was a fair calculation of the beginning of her disability.

Further, there is no evidence that the ALJ "improperly coerced or influenced plaintiff to amend his onset date."[17]  Instead, the ALJ did exactly what he promised: he found Plaintiff disabled as of the amended onset date.  On this record, the Court must defer to the ALJ's determination that Plaintiff's amendment of the onset date was "fully informed and voluntary,"[18] and there was no need to analyze for disability prior to July 31, 2008.

### III.   ORDER

Accordingly, it is

ORDERED that the February 4, 2009 written decision of Administrative Law Judge Michael G. Heitz is affirmed.  It is

---

[16] *See* Maes v. Astrue, 522 F.3d 1093, 1097 (10th Cir. 2008) (an ALJ is "entitled to rely on counsel's representation of the claims").

[17] Del Toro, 2010 WL 749870 at *3.

[18] Id.

FURTHER ORDERED that the Complaint and cause of action are dismissed with prejudice. It is

FURTHER ORDERED that the parties shall pay their own costs and attorney's fees.

DATED at Denver, Colorado, this <u>10th</u> day of November, 2010.

BY THE COURT:

*/s/ Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court